UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

JOSEPH P. SHELTON,

    Petitioner,

vs.

JOHN C. MARSHALL, Warden,

    Respondent.

No. C 10-01100 PJH (PR)

**ORDER GRANTING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL**

This is a habeas case filed pro se by a state prisoner. He filed the case in the United States District Court for the Eastern District of California, which transferred it here.

Petitioner was convicted in Mendocino County, which is in this district, so venue is proper here. *See* 28 U.S.C. § 2241(d). He has paid the filing fee.

## BACKGROUND

In 1981 a Menodcino County jury convicted petitioner of first degree murder, second degree murder, kidnaping, and theft. He was sentenced to prison for forty years to life.

The California Court of Appeal affirmed the conviction but modified petitioner's sentence to include the possibility of parole. The Supreme Court of California denied review.

Petitioner had a previous habeas case in this court, number C 91-3948 FMS, *Shelton v. Estelle*. The petition in that case was denied in December of 1992. Petitioner appealed, but the appeal was dismissed in 1994.

In 2002, in an appeal by another participant in the crime, Benjamin Wai Silva, the United States Court of Appeals for the Ninth Circuit affirmed in part, reversed in part and remanded the case to the district court for a determination as to whether state had

suppressed evidence favorable to Silva and whether this evidence was material. *Silva v. Woodford*, 279 F.3d 825, 855 (9th Cir. 2002); *see Brady v. Maryland*, 373 U.S. 83 (1963). In 2005, in Silva's appeal after the district court had determined that the withheld evidence was cumulative and not material, the Ninth Circuit held that the *Brady* material had been suppressed by the prosecution and that it was material. *Silva v. Brown*, 416 F.3d 980, 991 (9th Cir. 2005). The court reversed the denial of Silva's habeas petition and remanded with instructions to grant the writ as to Silva's murder conviction; this left his other convictions, for kidnaping, robbery, and a firearms violation, intact. *Id.* at 992. The court has no information as to whether he was retried on the murder charge.

On November 4, 2008, the United States Court of Appeals for the Ninth Circuit authorized petitioner to file a second or successive petition in district court. *See* 28 U.S.C. § 2244(b)(3).

**DISCUSSION**

**A.    Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970). "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal." *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996)

2

**B.     Legal Claims**

As grounds for federal habeas relief, petitioner asserts that: (1) his due process rights were violated by the prosecution's suppression of exculpatory evidence; and (2) his counsel's failure to adequately investigate to discover the withheld evidence constituted ineffective assistance. These claims are sufficient to require a response, but the deadline for filing one will not be set until after appointed counsel has entered an appearance.

**C.     Motions**

Petitioner has moved for appointment of counsel and for an evidentiary hearing.

The Sixth Amendment right to counsel does not apply in habeas corpus actions. *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require . . . ." It appears from the appellate opinions in the Silva appeals that petitioner's claims may have merit, and it also may be that establishing a factual basis for them would be difficult for an incarcerated layperson. The interests of justice warrant the appointment of counsel. The motion will be granted.

Petitioner also has moved for an evidentiary hearing. It may be that one will be necessary, or it may be that with the Silva record already made, the facts could be established by preclusion or by stipulation. The motion therefore will be denied for now, with leave for counsel to renew it if he or she deems it necessary.

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. The clerk shall serve by regular mail a copy of this order and the petition and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on petitioner.

2. Petitioner's motion for appointment of counsel (document number 3 on the docket) is **GRANTED** and this matter is **REFERRED** to the Federal Public Defender to find

3

representation for petitioner.[1]  Petitioner's motion for an evidentiary hearing is **DENIED** without prejudice to renewing it after appearance of counsel.

The clerk of the court is directed to provide a copy of this order to the Office of the Federal Public Defender.  The Office of the Federal Public Defender shall provide the name of the attorney who will be representing petitioner within thirty days of the date this order is entered, at which time the court will appoint that attorney as counsel for petitioner.  All further proceedings in this action are hereby **STAYED** until thirty days from the date counsel is appointed, at which time the court will enter a new scheduling order.

3.  Petitioner is reminded that until counsel is appointed all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel.  Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: October 22, 2010.

PHYLLIS J. HAMILTON
United States District Judge

P:\PRO-SE\PJH\HC.10\SHELTON1100.OSC.wpd

---

[1] Counsel is to be appointed solely for the purpose of representing petitioner in his federal habeas corpus proceedings.  *See In re Lindsey*, 875 F.2d 1502, 1507-1509 (11th Cir. 1989) (18 U.S.C. § 3006A does not require federal courts to fund lawyers and experts to assist federal habeas petitioners in pursuit of state-court collateral review); *cf. Sterling v. Scott*, 57 F.3d 451, 455-58 (5th Cir. 1995) (statute providing for appointment of counsel for capital petitioners in federal habeas proceedings does not authorize federal funds to pay for counsel in state habeas proceedings); *Hill v. Lockhart*, 992 F.2d 801, 803 (8th Cir. 1993) (accord).