UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

JOSEPH P. SHELTON,

        Petitioner,

  vs.

JOHN C. MARSHALL, Warden,

        Respondent.
                               /

No. C 10-01100 PJH

**BRIEFING ORDER**

This is a habeas case filed pro se by a state prisoner. He filed the case in the United States District Court for the Eastern District of California, which transferred it here on March 18, 2010. At the time the case was transferred here, a motion to appoint counsel was pending. Following transfer, on October 22, 2010, the court granted Shelton's motion to appoint counsel, noting that based on the Ninth Circuit's decisions regarding Shelton's codefendant, Benjamin Wai Silva, it appeared that Shelton's claims may have merit, and that establishing a factual basis for them may be difficult for an incarcerated layperson. The court declined to set further filing deadlines until appointed counsel had entered an appearance.

On November 18, 2010, William L. Osterhoudt was appointed as counsel for Shelton. Accordingly, the matter is ripe for further briefing.

**DISCUSSION**

**A.    Legal Claims**

As noted in the court's October 22, 2010 order, Shelton raises the following claims: (1) his due process rights were violated by the prosecution's suppression of exculpatory evidence; and (2) his counsel's failure to adequately investigate to discover the withheld

evidence constituted ineffective assistance.

Liberally construed, the claims appear colorable under 28 U.S.C. § 2254 and merit an answer from respondent.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. Petitioner is ordered to pay the filing fee required in habeas cases.

2. The clerk shall serve by certified mail a copy of this order and the petition and all attachments thereto upon respondents. The clerk shall also serve a copy of this order on petitioner.

3. Respondents shall file with the court and serve on petitioner, within 60 days of the date of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the answer and serve on petitioner a copy of all portions of the administrative record that are relevant to a determination of the issues presented by the petition.

4. If the petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within 30 days of his receipt of the answer.

**IT IS SO ORDERED.**

Dated: March 15, 2011

PHYLLIS J. HAMILTON
United States District Judge